ED AND FRANCES REDD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Redd v. Commissioner
Docket No. 27416-90
United States Tax Court
T.C. Memo 1993-475; 1993 Tax Ct. Memo LEXIS 490; 66 T.C.M. (CCH) 1029; October 18, 1993, Filed *490 An appropriate order will be issued denying petitioners' motion for partial summary judgment, as amended. Ed and Frances Redd, pro se. For respondent: Gerald L. Brantley. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This case is presently before the Court on petitioners' motion for partial summary judgment pursuant to Rule 121(c), [1] filed on August 25, 1993. Petitioners filed an amendment to the motion for partial summary judgment on September 28, 1993. The motion and the amendment to the motion state that the issue on which partial summary judgment is sought concerns checks which respondent alleges were cashed by petitioner Frances Redd. Petitioners allege that the pleadings and exhibits "show that there is a genuine issue to this matter at hand and the exhibits and testimonies contradict the Respondents [sic] allegations." As discussed below, petitioners' allegation is self-defeating. In conclusion, the motion states: In closing Petitioners pray that the - 117 checks bearing teller stamps, - the 30 checks cashed after petitioner left employment - all checks cashed while Petitioner was out of state and physically unable to cash any checks - 2 checks cashed to pay a customer *491 for consignment merchandise - 12 checks the government conceded on - 1 check cashed by William J. Koen, Sr. be withdrawn from the 385 checks [that are in issue [2]]. Respondent filed a response to petitioners' motion for partial summary judgment on September 24, 1993. In her response, respondent contends that the allegations made in petitioners' motion and the relief requested do not state a claim for which summary judgment can be granted because the motion does not allege facts which would support summary adjudication "upon all or any part of the legal issues in controversy." Rule 121(a). Moreover, respondent contends that the motion fails to allege or demonstrate what legal issue this Court may rule upon as a matter of law. Rule 121(b). Respondent additionally argues that the motion is "vague, ambiguous, incomprehensible" *492 and, therefore, should be denied because petitioners failed to demonstrate that "there is no genuine issue as to any material fact." As set out below, we agree with respondent's contentions and, therefore, deny petitioner's motion for partial summary judgment. Discussion
A motion for partial summary judgment should be granted under Rule 121(c) only if the record establishes that no genuine issue of material fact exists with respect to that particular issue and the moving party (petitioners) is entitled to judgment as a matter of law. Rule 121(b). The burden of proof is on the moving party to show that no issue of material fact exists. We view the evidence in the light most favorable to the nonmoving party. ; ; . A motion for summary judgment will be denied if there is any reasonable doubt as to the facts at issue. . In their motion, petitioners have failed to show *493 that there are no material facts in dispute and that a decision on the legal issues in controversy can be rendered as a matter of law. To the contrary, petitioners' motion clearly states and demonstrates that there are genuine material facts in dispute. Whether or not the checks in dispute were cashed is a factual issue, not a legal issue that can be resolved as a matter of law. Factual disputes can only be resolved by both parties in joint stipulation or by a trier of fact in a court proceeding. Accordingly, a motion for partial summary judgment as to this issue is improper in this case. To reflect the foregoing, An appropriate order will be issued denying petitioners' motion for partial summary judgment, as amended. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. We infer that respondent used the checks in issue to reconstruct petitioners' income.↩